IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AAB JOINT VENTURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-114C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in the first and second sentence of paragraph 4 to the extent supported by the solicitation and contract cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first and second sentence of paragraph 4. Denies the allegations contained in the third sentence of paragraph 4. Admits the remainder of the allegations contained in paragraph 4 to the extent supported by the solicitation and contract cited, which are the best evidence of their contents; otherwise, denies the remainder of the allegations contained in paragraph 4.

5. Admits.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 6.

7. The allegations in paragraph 7 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

8. The allegations in paragraph 8 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

9. The allegations in paragraph 9 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

10. The allegations in paragraph 10 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Denies the allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Admits the allegations contained in paragraph 17 to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 17.

18. Denies.

19. Denies.

20. Admits the allegations contained in paragraph 20 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 21.

22. Denies.

23. Admits the allegations contained in the first sentence of paragraph 23. Admits the remainder of the allegations contained in paragraph 23 to the extent supported by the contract and the notice to proceed cited, which are the best evidence of its contents; otherwise, denies the allegations contained in paragraph 23.

24. Denies.

25. Denies the allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Denies the allegations contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28. Denies the allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Denies the allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30. Denies the allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Denies the allegations contained in paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32. Admits the allegations contained in paragraph 32 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 32.

33. Denies the allegations contained in the first sentence of paragraph 33. Denies the remainder of the allegations contained in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34. Denies.

35. Denies the allegations contained in paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

36. Denies the allegations contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth

37. Admits the allegations contained in paragraph 37 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 37.

38. Admits.

39. The allegations contained in paragraph 39 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

40. Denies.

41. Denies.

42. The allegations contained in paragraph 42 are a characterization of plaintiff's claim and the relief requested, and conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies that plaintiffs are entitled to any of the relief requested in the prayer for relief following paragraph 42, or to any relief whatsoever.

43. Admits the allegations contained in paragraph 43 to the extent supported by the contract and the drawings cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 43.

44. Admits the allegations contained in paragraph 44 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 44.

45. The allegations contained in paragraph 45 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

46. Admits the allegations contained in paragraph 46 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 46.

47. Admits the allegations contained in paragraph 47 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 47.

48. Denies.

49. Denies the allegations contained in the first sentence of paragraph 49 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 49.

50. Denies the allegations contained in the first sentence of paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth, except to admit that on January 26, 2004, the Joint Venture submitted RFI DC-0181 to the Government. Admits the allegations contained in the second sentence of paragraph 50 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 50.

51. Admits the allegations contained in paragraph 51 to the extent supported by the letter and specification cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 51. Denies the allegation contained in the second sentence of paragraph 51 following the word "and" for lack of knowledge or information sufficient to form a belief as to its truth, because the antecedent to which the phrase "this slight difference" refers is missing.

52. Denies.

53. Denies.

54. Denies.

55. Denies.

56. Admits the allegations contained in paragraph 56 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 56.

57. Admits the allegations contained in paragraph 57 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 57.

58. Denies.

59. Denies.

60. Denies.

61. Denies.

62. Admits the allegations contained in paragraph 62 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 62.

63. Admits.

64. The allegations in paragraph 64 are a conclusion of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

65. Denies.

66. Denies; denies that plaintiffs are entitled to any of the relief requested in the prayer for relief following paragraph 66, or to any relief whatsoever.

67. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the complaint be dismissed and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

**Filed electronically**

**s/Shalom Brilliant**

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:

PAUL CHEVERIE
Command Counsel
LAURA SMITH
Deputy District Counsel
Europe District
U.S. Army Corps of Engineers

March 15, 2005