IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05-114C |
| | ) | (Chief Judge Damich) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

The parties, having met on April 12, 2005, respectfully submit the following Joint Preliminary Status Report pursuant to Section III, Appendix A, of the Rules of the United States Court of Federal Claims, and the Court's Standard Special Procedures Order dated January 10, 2005.

a. Jurisdiction: Plaintiff, A.A.B Joint Venture ("AAB"), invokes the Court's jurisdiction based upon 41 U.S.C. § 609(a)(1), which provides that the Joint Venture may bring an action directly on its claim in this Court notwithstanding any contract provision, regulation, or rule of law to the contrary.

The failure of the contracting officer to issue or give a date certain for decision on this claim within 60 days after receipt thereof constituted a deemed denial of the claim, allowing commencement of this action under the Contract Disputes Act, *Sparks v. United States*, 36 Fed. Cl. 488 (1996).

This Court also has jurisdiction based upon 28 U.S.C. § 1491(a)(1) which provides that the United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded upon any express or implied contract with the United States. Jurisdiction is proper under this section since the monetary relief requested is specifically

allowed for by the remedy granting clause of the underlying contract. *Cottrell v. United States*, 42 Fed. Cl. 144 (1998).

Defendant agrees that the Court possesses jurisdiction to entertain and to decide this action.

b. Consolidation: Plaintiff requests that this case be consolidated with the DSB claim which is the subject of Case No. 05-466C when that case is filed with the Court, pursuant to RCFC 40.2(a)(1)(A) and (B) because the cases involve the same parties and the same contract and involve overlapping and concurrent issues of delay and time extension. Plaintiff believes the time claimed by the government for issuance of the DSB decision is unreasonable. Discovery on the issues in these cases would involve many of the same documents and individuals, would not be duplicative of discovery in the other cases pertaining to this contract, and would avoid the possibility of inconsistent decisions by permitting the presentation of all evidence pertaining to these time extension requests at one time.

Defendant does not object to consolidation of this case with Case No. 05-466C. However, defendant believes that the Court lacks jurisdiction to entertain No. 05-466C because it does not purport to assert a claim that was the subject of either a contracting officer's final decision or a deemed denial by the contracting officer.

c. Bifurcation: The parties do not believe that bifurcation is necessary at this time.

d. Deferral: The parties do not believe that further proceedings in this action should be deferred pending consideration of another case before this Court, or any other tribunal. The parties do not believe that there is any basis for transferring or remanding the case to another tribunal. The parties are not aware of any related cases in any other tribunal. There are, however, three cases pending in this Court involving different claims by the same contractor

under the same contract. Two cases, *A.A.B Joint Venture v. United States*, 04-1792C and *A.A.B Joint Venture v. United States*, Case No. 04-1719C involve claims for monetary relief arising out of the same contract as the instant case. *A.A.B. Joint Venture v. United States*, Case No. 05-466C seeks relief under 41 U.S.C. § 605(c)(4).

e. Remand/Suspension: The parties do not intend to request a remand or a suspension in this case.

f. Additional Parties: The parties do not anticipate joining any additional parties to this lawsuit.

g. Dispositive Motions: Plaintiff may file a motion for summary judgment pursuant to RCFC 56 after the close of fact discovery. Defendant intends to file a dispositive motion pursuant to RCFC 56, but has not yet determined to what extent discovery will be required prior to preparing such a motion.

h. Relevant Factual and Legal Issues:

Plaintiff states that the relevant factual and legal issues are as follows:

With respect to Count I plaintiff states that the relevant factual and legal issues are as follows:

1. Whether there was an established practice in Israel that substantial numbers of third country nationals were utilized to perform construction work in Israel.

2. Whether plaintiff relied upon the alleged established practice of bringing foreign workers into Israel and bid the project on the assumption that it was entitled to use TCN labor to perform work on the project.

3. Whether if plaintiff bid the project on the assumption that it was entitled to use TCN labor to perform on the project, such assumption was reasonable.

4. Whether the United States Government understood at the time the contract was awarded that plaintiff would be allowed to bring in third country nationals to perform on the project.

5. Whether the contract provisions and the surrounding circumstances resulted in a United States Government warranty that plaintiff would be able to utilize, as necessary, third country nationals from countries having diplomatic relations with Israel.

6. Whether the Israeli Government enacted a series of policy changes, and decrees which prevented plaintiff from importing any TCNs to perform on the project.

7. Whether the quota reductions, “Closed Sky” policy and “Deserters” policy enacted by the Israeli government prevented plaintiff from utilizing TCN labor.

8. Whether the inability to utilize TCN labor delayed and/or disrupted performance and resulted in delay and additional cost to plaintiff.

9. Whether the plaintiff incurred additional direct costs and compensable delay as a result of its inability to utilize third country national labor.

10. Whether, assuming such a warranty exists, the warranty was breached.

11. Whether, assuming such a breach of warranty occurred, the Joint Venture was required to perform additional work beyond that required by the contract entitling it to an equitable adjustment pursuant to FAR 52.243-4 entitled “Changes” for all additional costs, impacts and delays incurred as a result thereof.

12. Assuming the Government is liable under the Changes clause, what is the monetary value of the equitable adjustment to which plaintiff is entitled.

13. Whether plaintiff is entitled to reformation under the theory of mutual mistake of fact.

14. Assuming the Government is liable under the theory of mutual mistake of fact, what are the damages to which plaintiff is entitled.

15. In the alternative, whether any delays caused by the decrees, special orders and policies of the government of Israel entitle the plaintiff to a non compensable time extension under FAR 52.249-10 or SR-27.

With respect to Count II plaintiff states that the relevant factual and legal issues are as follows:

1. Whether the pertinent contract provisions, particularly specification § 02-003, Page 28 Chapter J, building envelope, Paragraph 2, insulated panels, reasonably interpreted, required the paint system thickness to be 50 microns.

2. Whether the Government by its conduct waived the thickness requirement for the paint system such that the Government would approve an alternate that met two criteria only: (1) structural soundness; and (2) compliance with the 20 year warranty requirement.

3. Whether, if the Government waived the thickness requirement, plaintiff reasonably relied on such waiver and in reasonable reliance thereon submitted systems for approval as alternates.

4. Whether, if the Government by its conduct agreed to approve alternates meeting the two criteria noted above, plaintiff submitted alternate paint systems which complied with the two criteria established by the Government.

5. Whether the Government erroneously rejected or otherwise failed to approve the alternate paint systems proposed by plaintiff.

6. Whether the contract provisions, reasonably interpreted set forth a minimum thickness requirement for the paint system.

7. Whether the Government by its conduct waived any right it may have had to require a 10 plus 40 micron thick paint system.

8. Whether, assuming the Government by its conduct waived its right to require a 10 plus 40 micron paint system, it erroneously reimposed the waived thickness requirement.

9. Whether the Government's actions in rejecting and/or otherwise not approving the alternates submitted by plaintiff and its reimposition of the paint thickness requirement constitute constructive changes under the contract entitling the plaintiff to an equitable adjustment pursuant to FAR 52.243-4 entitled "Changes" for all additional costs incurred plus impacts and delays incurred as a result of the constructive changes.

10. Assuming that the government is liable under the "Changes" clause FAR 52.243-4 what is the monetary value of the equitable adjustment and the number of days of compensable time extension to which plaintiff is entitled.

Defendant states that Count I involves the following additional factual and legal issues: for Count I are as follows:

1. Whether other labor was available besides TCN labor for plaintiff to utilize.

2. Whether plaintiff's proposal stated that plaintiff anticipated approximately 500 TCN employees would be needed at peak production.

3. Whether plaintiff was granted the visa allocations it requested from the Government of Israel for the project in question, but was unable to utilize these visas because it was unable, as required by Israeli law, to account for TCNs who had been granted visas on previous projects but were no longer working for plaintiff.

i. Likelihood of Settlement and Alternative Dispute Resolution: Plaintiff believes that settlement of this dispute is possible and is receptive to using Alternative Dispute Resolution to accomplish the same. Plaintiff believes that either mediation or Court appointed expert/neutral fact finder, conducted by a person with appropriate technical background, may be viable. Utilization of a settlement judge may also be a viable approach. The possibility of settlement would be enhanced by establishing an agreed upon ADR framework which globally addresses all pending matters pertaining to the contract.

Defendant is amenable to ADR, but believes that some fact discovery will be required before ADR can be helpful. Defendant further believes that a ruling as to whether the Court possesses jurisdiction to entertain the TCN claim must precede any ADR with respect to that claim.

j. See Joint Proposed Scheduling Plan below.

Pursuant to paragraph 5 of Appendix A and paragraph 7(e) of the Court's Standard Special Procedures Order the parties propose the following scheduling plan:

i. The parties do not anticipate joining any additional parties to this lawsuit.

ii. Discovery Plan:

1. The parties have exchanged their initial productions of documents and information.

2. The parties do not believe that a dispositive motion may be filed after conducting limited discovery on a particular issue.

3. The parties do not believe that discovery should be conducted in phases or limited to certain issues.

4. Plaintiff believes that completion of fact discovery is dependent upon whether the Court consolidates this case with the DSB claim, and if it does, how the Court resolves the issue of when the Government must issue a contracting officer's decision on the DSB claim. A.A.B Joint Venture v. United States, Case No. 05-466C. In any event, the discovery in this case will not be as daunting as Government counsel believes. Plaintiff's counsel is prepared to immediately issue document requests and could begin document inspection by June 2005. Fact depositions could begin shortly thereafter and be completed within three months. The fact that Government counsel has other unrelated litigation obligations is not grounds for delaying discovery and the trial in this case. The schedule proposed by Government counsel is not reasonable.

Defendant proposes a fact discovery completion date of February 28, 2006, for the following reasons: First, given the fact that most of the witnesses and documents involved in this case are in Israel, fact discovery will involve substantial travel, scheduling, and logistical challenges, that will make completion of fact discovery in 2005 unrealistic. Second, Government counsel will have only a limited amount of time to devote to discovery in this prior to October 2005, because of litigation responsibilities in various other cases pending before this Court, including *Grass Valley Terrace v. United States*, Fed. Cl. No. 98-726C; other cases similar to *Grass Valley*, including *Atwood-Leisman v. United States*, Fed. Cl. No. 98-815C; *Allegre-Villa v. United States*, Fed. Cl. No. 98-823C; and more than 50 other cases filed since 2003. Government counsel is also scheduled for a two-week trial in New York in September 2005, in *Sea Crest Construction Corp. v. United States,* Fed. Cl. No. 02-261C. Finally, Government counsel is attorney of record for the Government in numerous overtime pay cases filed in this Court at various times from 1990 through early 2005. Pursuant to the rules of this

Court and orders entered by the Court in these cases, there are various filings due in the coming months. Also, discovery is in progress in these cases, various claims in these cases are the subject of active settlement negotiations, and substantial time is required to oversee implementation of existing settlements, including one in *Adams v. United States*, Fed. Cl. No. 90-162C, involving back pay for more than 6,000 employees of five agencies. Under these circumstances, February 28, 2006 is the earliest possible date when Government counsel can realistically hope to complete fact discovery.

5. The parties propose 2:00 p.m. on any three consecutive dates at least 14 days after the close of fact discovery for a status conference.

6. Motion for Summary Judgment:

a. Plaintiff has not yet determined when a motion for summary judgment would be filed. Plaintiff has not yet determined whether or to what extent discovery would be necessary or useful to support such a motion. Defendant intends to file a motion for summary judgment. Defendant has not yet determined whether or to what extent discovery would be necessary or useful to support such a motion. If defendant determines that such a motion can be filed without prior discovery, the motion will likely be filed by August 31, 2005. Otherwise, the motion will likely be filed no later than 30 days after the close of expert discovery.

b. The legal theory on which a motion for summary judgment would be filed by plaintiff on Count I of the Complaint, subject to change based upon the results of discovery, is that the pertinent contract provisions and surrounding circumstances resulted in a U.S. Government warranty that plaintiff would be able to utilize, as necessary, third country nationals from countries having diplomatic relations with Israel. The motion will further assert

that given the existence of such a warranty plaintiff is entitled to relief for breach thereof if the warranty is breached by any intervening clause, including the actions of a third party. The motion may also be based on the legal theory that plaintiff and defendant operated under a mutual mistake of fact as to a basic assumption on which the contract was based, namely that the plaintiff would be able to utilize, as necessary, third country nationals from countries having diplomatic relations with Israel. Given the mutual mistake of fact plaintiff is entitled to reformation. Finally, the motion may assert alternatively that any delays caused by the actions of the government of Israel entitle the plaintiff to a noncompensable time extension under the Changes Clause or SR-27.

The legal theory on which a motion for summary judgment would be filed by the defendant is that the Government in its solicitation and contract clearly advised that use of TCN laborers was solely at the contractor's responsibility and risk. Thus, it was not reasonable for the plaintiff to assume that the Government was warranting that TCN labor would be available. The risk surrounding TCN laborer importation visas was also identified in the contract and contractually assigned to the contractor, so it was not reasonable for the contractor to assume a Government warranty that a certain labor source would be available. Finally, plaintiff's proposal stated that plaintiff anticipated approximately 500 TCN employees would be needed at peak production, and the Government of Israel granted the visa allocations requested by plaintiff for 523 TCN workers, specifically for the project at issue in this case. Plaintiff was not able to use the visa allotments because it was not able to account for 506 TCNs who had been granted visas on previous projects, but were no longer working for plaintiff and could not be established to have left Israel. Thus, it was not any act by the Government, but plaintiff's failure to comply

with its obligations under Israeli law to track visa holders, that resulted in plaintiff's inability to utilize its TCN visa allotment.

c. Expert discovery may not be required for summary judgment motions.

7. The parties propose that the identity of expert witnesses and their reports be made as follows: (1) 60 days after completion of fact discovery —plaintiff's expert(s); (2) 90 days after completion of fact discovery —defendant's expert(s); and (3) 105 days after completion of fact discovery —plaintiff's expert rebuttal.

8. The parties propose that all expert discovery, including depositions, will be concluded 42 days after completion of the identification of all experts and exchange of all expert reports.

9. The parties believe that the presumptive limits of five depositions per side and 25 interrogatories per individual party should not apply to this case.

10. No physical or mental examinations of the parties will be required.

11. The parties believe that all discovery should be complete 42 days after the identification of all experts and exchange of all expert reports.

iii. The parties believe that the case should reasonably be expected to be ready for trial 90 days after the completion of all discovery.

iv. The parties estimate that the trial of this case if consolidated with the DSB Claim will require seven to nine days.

v. Depending upon the availability and location of witnesses, the trial could be held in either Washington, D.C. or Tel Aviv, Israel. The parties note that it appears that any trial pertaining to this contract will occur substantially after the completion of the contract work.

Some of the witnesses, who are presently located in Israel because of responsibilities relating to the contract, may no longer be located there at the time of trial.

k. At this time, the parties are aware of no special issues regarding electronic case management needs. The parties note, however, that early consideration should be given to the manner of translation of documents from Hebrew to English. The parties have discussed the possibility of utilizing a single translator for all documents that will be used as exhibits in this case.

l. Plaintiff intends to file an Amended Complaint if permitted to do so under RCFC 15(a). The Amended Complaint would reflect various adjustments to the damages claimed by plaintiff for both counts.

The parties have held the early meeting of counsel on April 12, 2005 and exchanged the lists and other disclosures set out in RCFC 26(a)(1) and Appendix A ¶ 3. The parties have also hereby provided an estimate of the anticipated litigation costs, (1) through the end of discovery; (2) by the end of trial; and (3) through appeal, and certify that each respective estimate of time and cost was provided to each respective party.

Plaintiff estimates its costs through discovery in this case will be $200,000, $300,000 through the end of trial, and $350,000 through appeal. Defendant estimates that its costs through discovery, the end of trial, and through appeal will be approximately the same as those estimated by plaintiff.

m. The parties propose 10:00 a.m. on May 23, May 26 or May 27, 2005, for a status conference with the Court.

Respectfully submitted,

Bell, Boyd & Lloyd PLLC

**s/** Brian Cohen
___________________________
Brian Cohen, Esq.
Bell, Boyd & Lloyd PLLC
1615 L Street, N.W.
Suite 1200
Washington, DC
(202) 955-6823 (phone)
(202) 835-4130 (fax)

*Attorneys for Plaintiffs*

Dated: May 6, 2005

**Filed Electronically**
**With the consent of the**
**Attorney for Plaintiff**

PETER D. KEISLER
Assistant Attorney General

**s/** David M. Cohen
___________________________
DAVID M. COHEN
Director

**s/** Shalom Brilliant
___________________________
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
Room 8012
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

*Attorneys for Defendant*

Dated: May 6, 2005