IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05-114C |
| | ) | (Chief Judge Damich) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

Pursuant to the Court's Order of May 27, 2005, plaintiff and defendant respectfully submit the following joint status report concerning the matters identified in that order.

1. As directed during the Court's Preliminary Scheduling Conference, and pursuant to the Court's May 27 Order, Plaintiff submitted a letter proposing the following to Government Counsel on May 26, 2005.

Plaintiff proposes: (a) that the issues of delay and delay damages involved in this case (*i.e.*, extended site overhead costs and other damages based upon delay) be bifurcated from all other issues in this case, and be consolidated with the "Dry Storage Building (or DSB) claim" referenced in the complaint in No. 05-446C as soon as the DSB claim is properly before the Court; and (b) that proceedings with respect to entitlement and direct cost claims proceed on the same schedule as has been set for No. 04-1792C. Given the Agency's current position regarding issuance of a contracting officer's final decision, Plaintiff anticipates that the DSB claim will not be ripe for appeal until the last quarter of 2005. As a result, the DSB-related Preliminary Scheduling Conference and resultant discovery schedule will not occur until early to mid-2006, effectively nine months to one year from now.

The purpose of proceeding in this bifurcated manner would be to allow entitlement and direct cost aspects of this case (No. 05-114C) to proceed without delay, while allowing the consolidation of the delay and extended performance aspects of this case with the DSB claim. This would allow Case Nos. 04-1792C and 05-114C to proceed forward now, under the discovery schedule in No. 04-1792C, which schedule would also apply to No. 05-114C on the issues of liability/entitlement and direct cost claims/damages (again, excepting only the delay aspects thereof). All issues in Nos. 04-1792 and 05-114C (excepting the aforementioned delay/extended performance matters) would proceed under the same scheduling order (resulting in completion of fact discovery by December 15, 2005, and all discovery to be completed by May 15, 2006, with both cases ready for trial on or about August 15, 2006).

The Court's acceptance of this proposal would allow all of the claims in No. 04-1792 to be heard under the current schedule, as well as approximately $8 million in direct damage claims associated with No. 05-114C, while preserving the delay damage aspects of No. 05-114C to proceed with the DSB delay claims at a later date for resolution at one time.

Plaintiff believes that this bifurcation would be in both the parties' and Court's best interests. First, it would allow the Court the opportunity to move this case forward on its docket, while also allowing discovery in this matter to move forward on the non-delay/construction schedule related items. Second, despite what Plaintiff considers to be Defendant's unsupported claims to the contrary, Plaintiff believes that there is no prejudice to the Government in pursuing such a bifurcation of issues. To the contrary, Plaintiff believes that the prejudice would be to Plaintiff (and to a certain extent the Court), in having this matter effectively stayed until the DSB complaint can be filed with the Court and a discovery schedule agreed upon.

2. Defendant opposes Plaintiff's proposal, and, more specifically, opposes separation of liability from delay issues in this case. Defendant believes that it will be prejudiced if it is precluded from obtaining full discovery concerning Plaintiff's contentions as to the causes of the alleged delays and the basis for those contentions until after the Court adjudicates liability concerning some or all of the alleged causes of delay. Defendant believes that this is particularly true as long as Plaintiff has not provided the Government with a complete critical path method analysis of the project in question, which defendant believes Plaintiff was obligated to provide under the terms of the contract. See section 01320 (Project Schedule), paragraph 3.7 (Requests for Time Extensions). Defendant does not believe that Plaintiff's interest in expediting proceedings in No. 05-114C concerning issues other than delay in any way justifies limiting defendant's right to take discovery concerning delay-related issues involved in the same case.

3. Defendant proposes that the parties proceed in Nos. 04-1719C and 04-1792C in accordance with the orders entered in these cases on May 13 and 16, 2005, and that a discovery and pretrial schedule be established in this case in accordance with the schedule proposed by defendant in the joint preliminary status report previously filed by the parties in this case. The latter schedule is similar to the schedule in No. 04-1719C. This procedure will permit all issues raised in No. 05-114C to be adjudicated in a single trial, on a schedule parallel to that in No. 04-1719C. Alternatively, defendant does not oppose trying No. 05-114C in its entirety together with the DSB claim, but this can only be done if and when the latter claim is properly before this Court.

4. Defendant has admitted that the contracting officer did not issue a final decision, or inform Plaintiff of the date by which such a decision would be issued, within 60 days of receipt

of the certified claims at issue in No. 05-114C, and defendant is aware of no reason why these circumstances should not be treated as a deemed denial of these claims for purposes of determining the Court's jurisdiction to adjudicate these claims.

Respectfully submitted,

| | |
|---|---|
| Bell, Boyd & Lloyd PLLC<br><br>/s/ Brian Cohen<br>______________________<br>Brian Cohen, Esq.<br>Bell, Boyd & Lloyd PLLC<br>1615 L Street, N.W.<br>Suite 1200<br>Washington, DC<br>(202) 955-6823 (phone)<br>(202) 835-4130 (fax)<br><br>*Attorneys for Plaintiffs*<br><br>Dated: June 2, 2005<br><br>**Filed Electronically**<br>**With the consent of the**<br>**Attorneys for Defendant** | PETER D. KEISLER<br>Assistant Attorney General<br><br>/s/ David M. Cohen<br>______________________<br>DAVID M. COHEN<br>Director<br><br>/s/ Shalom Brilliant<br>______________________<br>SHALOM BRILLIANT<br>Senior Trial Counsel<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>1100 L Street, N.W.<br>Attn: Classification Unit<br>Room 8012<br>Washington, D.C. 20530<br>Telephone: (202) 305-7561<br>Facsimile: (202) 305-7643<br><br>*Attorneys for Defendant*<br><br>Dated: June 2, 2005 |