**DEPARTMENT OF THE ARMY**
US ARMY CORPS OF ENGINEERS
EUROPE DISTRICT
KONRAD ADENAUER RING 39
65187 WIESBADEN, GERMANY

REPLY TO
ATTENTION OF

Contracting Division

April 12, 2004

S. Denison Keeney
ABB SUSA/A. Arenson/Baran Group Joint Venture
P. O. Box 37
Rosh Ha'ayin, Israel 68100

Subject: Contract DACA90-01-C-0043, Nachshonim Storage Base, Elad, Israel, Contractors Letter USACE/04-498, Insulated Panels Re-procurement

Dear Mr. Keeney:

I am in receipt of your letter of April 4, 2004 in regards to the defective panels and remain concerned about your ability to provide a product in compliance with the contract requirements in a manner which will enable you to complete the project within the required performance period.

Peeling paint on the panels was first identified in mid-November of 2003, and as of today you have failed to provide an acceptable solution that meets the contract requirements. The panels are on your critical path and thus we have lost over five months construction progress while you continue to debate this issue.

Despite several letters from the government denying your request to use the "Duracor 40 paint system" and providing you the opportunity to propose other alternatives, you continue to insist on providing a product not meeting contract specifications. This is neither productive nor in the best interests of either party, and continues to contribute to the delays. Your termination of the original subcontractor and attempts to re-procure the panels from a different source have contributed substantially to the delay, and you have presented neither an acceptable alternative nor a plan for retesting of a new panel system in regards to the pressure tests required by the contract.

Concerning your statements that the government "approved Caesarea Polymers Logistics insulated panels with Duracor 40 (La Magone 20/20 PVDF paint system)" for the Logistics Buildings, your attention is drawn to the fact that this was submitted as a contractor approved submittal, and as such was returned to you with a code of "F", receipt acknowledged. The government did NOT approve this system. In accordance with SR-2, Requirements for Submittals, you did NOT provide the required notification that this submittal was a variance from the contract documents, nor did you indicate the item was a variance, which would have required government approval and a modification to the contract. Providing this information to us over one year later is inexcusable, in violation of both the letter and spirit of the contract, and we will take this into consideration when evaluating your performance.

In your letter, you also state that "the USACE has stat [ed] that the Thyssen Krupp 15/20/15 paint system, with 35 micron topcoat....is deemed an 'acceptable finish system.'" We are aware of no statement to this effect and have not evaluated the acceptability of this system. You also mischaracterize the statement from my COR in his March 14, 2004 letter (COE-04-019) where he stated that he was "confident of the ability of either Italpannelli or ThyssenKrupp to provide

an insulated panel system that meets the contract requirements." The Government has not, as you allege, "already arbitrarily established 'an acceptable finish system' which deviated from what the USACE now insists is the required minimum."

The contract clearly states the ***minimum*** requirements for the panels, and your original subcontractor was able to provide a panel that met the paint configuration specifications. Your attempts to cloud the issues by inferring that amendments to the solicitation documents were issued with a specific manufacturer in mind are clearly incorrect. Beyond this, your allegations that this is an "experimental" or "unproven" product are also both unsubstantiated and misleading, as there are manufacturers – including ones that you have identified - that produce a system meeting the contract requirements.

You have provided no substantiation of your allegations that the original problem was a result of a "defective specification", and state that the "paint specification ***may*** be defective" (my emphasis). You have provided no documentation supporting your inferences that the specifications were the cause of the original problem, yet you request a "mini-trial immediately for a declaratory judgment by a neutral advisor who will direct a decision on the re-procurement of the panels." This is unacceptable.

Your continued failure to provide either a system in compliance with the contract requirements or an acceptable alternative reflects negatively on the performance elements related to Quality Control, Effectiveness of Management, and Timely Performance. We are rapidly reaching the point where additional measures will be required to protect the Government's interests to ensure the completion of the project in a timely manner.

In the spirit of partnering, we will evaluate any alternatives that you may wish to propose, provided they meet the minimum requirements of the contract documents. We will not direct you to as to the methods, manufacture, or procurement procedure required, nor will we accept responsibility for any damages or delays related to your inability to provide a product in compliance with the contract requirements.

You are directed to submit for my approval, within ten days from receipt of this letter, an acceptable panel system that meets contract requirements.

Sincerely,

William Mills
Contracting Officer