**A.A.B JOINT VENTURE** א.א.ב. - יזם משותף

ABB SUSA\ A. ARENSON\ BARAN GROUP אבב – סוסה/ א. ארנסון/ קבוצת ברן

NACHSHONIM STORAGE BASE, ELAD פרוייקט בסיס אחסון נחשונים, אלעד

06 May 2004

Ref. USACE/04-0517

Contracting Officer
Department of the Army
Engineer District Europe, Corps of Engineers
PO Box 1, Konrad Adenauer Ring 39
65187 Wiesbaden, Germany

Via Fax: 0049-611-816-2618

RE: DACA90-01-C-0043
NACHSHONIM STORAGE BASE

**SUBJECT: Insulated Panels Reprocurement**

Dear Sir,

As noted in our letter of April 22, 2004 (USACE/04-508), your letter of April 12, 2004 raises certain points with which we disagree. This letter addresses our concerns and responds to those points.

First, your letter expressed concern over the JV's ability to provide a product in compliance with the contract documents without further delay. However, it is the Government's inconsistent interpretation of the painting specification, erroneous rejection of alternates and improper reimposition of the specified thickness requirement that has contributed substantially to the delays experienced by the JV. In support of this conclusion, we wish to note the following:

By letter dated December 2, 2003 the JV submitted RFI C-0071 that stated in pertinent part:

> Prior to making a new order (of panels) concern is being raised as to the suitability of the existing specification relative to the thickness of the PVDF prime coat, PVDF layer,...

The RFI further noted that as of that date, the manufacturer of the coated coil had not been able to identify any other PVDF order that had 10 plus 40 (micron) requirements. The RFI requested that the Government and its consultants provide confirmation that the specified panel coating was correct.

Your office responded by letter dated December 9, 2003 that:

> These requirements (quoted RFP specification) are required to be utilized in your design effort associated with this portion of the project. They are not a complete specification. You are responsible for completing this specification within the guidelines given and ensuring that the final product is coordinated with your final design solution. In order to work with you in completing the project in light of the current situation with the panels, <u>I am willing to review alternate solutions that are structurally sound provided the metal skin in (is) warranted for twenty years</u>. (emphasis added)

**A.A.B JOINT VENTURE** א.א.ב. - יזם משותף
ABB SUSA\ A. ARENSON\ BARAN GROUP אבב – סוסה/ א. ארנסון/ קבוצת ברן
NACHSHONIM STORAGE BASE, ELAD פרוייקט בסיס אחסון נחשונים, אלעד

Contrary to the COE's recent change in position, this letter did not state that the specifications required a minimum thickness. More importantly, the Government's statement that it was willing to review structurally sound alternates, if warranted for twenty years, is significant in that it demonstrates that (1) the Government would consider alternates and (2) the only criteria for the review would be structural soundness and the 20-year warranty, not compliance with the thickness requirement.

As a result of these statements, the JV made an exhaustive search to identify a tried and proven paint system with a 20-year warranty. These efforts were undertaken in reasonable reliance on the COE's statement that it would review such alternates without demanding compliance with the thickness requirement.

After completing its search the JV submitted RFI 0181 on January 26, 2004. The RFI stated:

> The AAB JV has investigated several sources of insulated panels and determined that Thyssen Krupp and Italpannelli offer high quality panels and can provide shipment to the site within a reasonable time frame providing the panels are standard products within their organization. Both manufacturers provide a 20 year warranty on the metal skin.

The RFI described in detail the Italpannelli (La Magona) 20/20 micron (Duracor 40) paint system and the Thyssen Krupp 5-primer/20 PVDF color coat/15 PVDF clear coat (total 40 micron). The RFI also noted that both panels would be a modification to the specified thickness, and requested the Government "provide guidance" as to the acceptability of either or both panel solutions.

By letter dated January 30, 2004, the Government stated the Italpannelli panels were "not acceptable" based upon the conclusion that the panel had 70% resin, rather than 80%. However, the specifications do not contain a resin requirement and, in the absence of a demonstration that this slight difference would render the panel structurally unsound for this application, the Government's rejection was erroneous.

The Government's dismissive attitude toward the Thyssen Krupp panel was also unreasonable. The Government had previously stated that the TK system might be an alternate that it would be willing to review if it was warranted as required and was structurally sound.

In its 08 March 2004 letter, the JV documented proven performance history for both Italpannelli (Duracor 40) and Thyssen Krupp products. However, neither the Italpannelli/La Magona 20/20/20, nor the Thyssen Krupp 15/20/15 paint systems have a proven performance for a 20-year life. The 14 March 2004 USACE response (COE-04-019) states, "We feel that acceptance of a system that provides for essentially half the finish coating thickness will significantly decrease the service life of the installed system. Any alternate proposals should address this." Again, the USACE failed to relate their crucial interpretation that the specified "*ppvdf (primer paravinil de fluor 10+40 micron) coating (50 microns)*" was a "minimum". Instead, we were requested to address the technical attributes of a thicker PVDF finish coat."

משרד האתר: ת"ד 37, ראש העין, טל: 03-933-1473 פקס: 03-933-1366
J.V.office: P.O.Box 37, Rosh HaAiyn 68100 (ISRAEL), TEL 972-3-933-1473 FAX 972-3-933-1366

**A.A.B JOINT VENTURE** **א. א. ב. - יזם משותף**
ABB SUSA\ A. ARENSON\ BARAN GROUP אבב – סוסה/ א. ארנסון/ קבוצת ברן


The Government's argument in its 14 March 2004 letter that "thicker is better" is without merit since it is generally accepted in the industry that the thickness, quality and protection of the sub-strate as well as the thickness and quality of the primer, primarily determine the service life of the system, and not specifically the thickness of the top coat. Refer to the JV's letter USACE/04-483 of March 24, 2004 with attached Italpannelli letter of March 18, 2004. Additionally, Considering its durability and smaller probability of cracking with a lesser thickness, the JV still considers the La Magona 20/20, Duracor 40 as the optimum solution to a 20-year life under the known site conditions (UV radiation, 15 km from the sea and negligible potential abrasion from sand storms).

Accordingly, contrary to its professed willingness to review alternates the Government unreasonably rejected the Duracor 40 system which was a reasonable alternate, structurally sound and warranted for 20 years. Furthermore, subsequent to the Government's 25 March assertion that the specification was a "minimum" for paint thickness layers, the JV's additional offer to compromise for supply of this proven system by agreement to credit the Government for a system less than the asserted minimum, was rejected.

Therefore, the JV submits that the Government's formal rejection of the Duracor 40 and its criticism of the Thyssen Krupp panel, were erroneous and constitute a constructive change entitling the JV to an equitable adjustment under the Changes clause of the contract.

Second, the statement by the Government in its March 25, 2004 letter that the manufacturers proposed by the J/V could produce a system meeting the contract requirements is both unsubstantiated and misleading. In fact neither company has produced a product with the exact paint system specified in the layers thickness. Moreover, the J/V has repeatedly requested that the Government provide information concerning manufacturers which produce conforming systems. However, the Government has not acceded to these requests, and *has specifically refused to* do so in letter dated April 12, 2004.

Third, the COE's assertion, raised for the first time in its March 25, 2004 letter and confirmed in the April 12, 2004 letter that the specifications state a 50-micron minimum thickness requirement is erroneous.

The pertinent part of the specification states:

> The walls and roofs exterior facing shall not be less than 0.55 mm. galvanized trapezoidal steel SAE 1020, painted with ppvdf (primer paravinil de fluor 10+40 micron) coating (50 microns).

The only reasonable interpretation of this specification is that the steel sheet is a "minimum", not the thickness of the paint system. First, this specification <u>does not</u> state, "The walls and roofs exterior facing shall not be less than 0.55 mm. galvanized trapezoidal steel SAE 1020, painted with <u>a minimum</u> ppvdf (primer paravinil de fluor 10+40 micron) coating (50 microns)." The logical interpretation of this specification is that the steel sheet is a "minimum" and the inserted comma thereafter precludes the interpretation that the thickness of the paint system is also a "minimum". Second, the Government's letters prior to March 25, 2004 did not assert this position. Such

contemporaneous conduct prior to a dispute arising is given great, if not controlling weight. Finally, any ambiguity was created by the Government and should be construed against the Government. Accordingly, the only reasonable interpretation is that the Government specified a paint thickness of 10 + 40 microns, no more and no less.

Fourth, the JV takes exception to the USACE's comment, "Your attempts to cloud the issues by inferring that amendments to the solicitation documents were issued with a specific manufacturer in mind are clearly incorrect." The JV's USACE/04-498 stated that the correction of the erroneous original specification (200 microns) of the paint system was "presumably on the basis of a known availability of such a product and not on the basis of the imagination of the writer of the specification" (emphasis added). As you have stated, not only was there no "specific manufacturer in mind", we have been unable to locate a single manufacturer that provides a tried and proven product with specified 10 + 40 micron PVDF paint system. Notwithstanding the possibility of developing and testing a formulation meeting the specified configuration, unless the USACE can point to a manufacturer that has produced and proven panels as specified, the sole conclusion must be that the specification writer did not verify the validity of either the engineering application or practical existence of a product manufactured to the RFP specification.

In conclusion, the Government's letter of April 12, 2004 is an inaccurate portrayal of the panel issue for the following reasons:

1. From December 9, 2003 to March 25, 2004 the Government was willing to review alternate solutions that were structurally sound, provided the metal skin was warranted for 20 years. Compliance with the specified thickness was not required.
2. The J/V reasonably relied on the Government's representations with regard to alternates, made well-documented RFIs and submitted correspondence which addressed all Government concerns pertaining to acceptable alternates.
3. The Government erroneously rejected the structurally sound and 20-year warranted Duracor 40, and unreasonably criticized the Thyssen Krupp systems, all of which fully complied with the Government's agreed upon requirements for an alternative solution.
4. After 3.5 months of reasonable reliance by the J/V, the government abruptly rescinded its position that it would consider alternates; and insists now for the first time that the specifications state only a minimum thickness with respect to the primer and topcoat thickness.
5. The Government's eleventh hour assertion that the contract states a minimum paint thickness requirement is without merit.
6. A substantial portion of the resulting critical path delay was a direct and proximate result of the Government's conduct;

The JV requests that the Government review its position in light of the above, provide information concerning manufacturers that routinely produce conforming systems, and

**A.A.B JOINT VENTURE** ז. א. ב. - יזם משותף
ABB SUSA\ A. ARENSON\ BARAN GROUP זבב – סוסה/ א. ארנסון/ קבוצת ברן
NACHSHONIM STORAGE BASE, ELAD רוייקט בסיס אחסון נחשונים, אלעד

reconsider the panel systems previously rejected. Notwithstanding this request, in light of the Government's direction to submit by a date certain "an acceptable panel system that meets contract requirements", the JV submitted (22 April 04) Italpannelli / La Magona 20/20/20 paint system and this was approved by the Government on 30 April 04. The JV further rejects the USACE statement in its letter dated 30 April 2004, that the specification "clearly states a minimum requirement." The JV views this submittal as a deviation from the clearly stated specification requirements for ppvdf 10 + 40 paint system. The Government shall be liable for any deficiencies in the approved La Magona 20/20/20 paint system.

Finally, the JV expressly reserves the right to assert, pending the results of its on-going investigation, that the requirement for a 10/40-micron paint thickness constitutes a defective and/or impossible specification.

Sincerely,

S. Denison Keeney
Project Director

משרד האתר: ת"ד 37, ראש העין, טל: 03-933-1473 פקסי: 03-933-1366
J.V.office: P.O.Box 37, Rosh HaAiyn 68100 (ISRAEL), TEL 972-3-933-1473 FAX 972-3-933-1366